

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Mr. Brown:

Opinion No. O-3163

Re: Whether or not an attorney, who
has not paid his membership fee
to the State Bar within the
time required by law, and in ac-
cordance with the rules of the
Supreme Court, may practice his
profession in the courts.

We beg to acknowledge receipt of your letter of
February 13, 1941, propounding for a legal opinion the fol-
lowing:

"We have been confronted with this problem.
There are a great many lawyers who attempt to
practice in the courts in Tarrant County who
have not paid their $4 membership fee in the
state bar. It is the opinion of this office
that unless the $4 membership is paid in accord-
ance with Article 320A of Vernon's Annotated
Civil Statutes of Texas, as well as the rules
promulgated by the Supreme Court of Texas on
February 22, 1940, that the attorney should not
be allowed to practice in our courts. We should
be pleased to have your views."

Section 3 of the State Bar Act, (R.C.S., Vernon's
Codification, Article 320a) provides:

"All persons who are now or shall hereafter
be licensed to practice law in this State shall
constitute and be members of the State Bar, and
shall be subject to the provisions hereof and
the rules adopted by the Supreme Court of Texas;
and all persons not members of the State Bar are
hereby prohibited from practicing law in this
State."

Section 4 of the Act declares:

"Within six (6) months from the effective
date of this Act, and from time to time there-
after, as to the court may seem proper, the Su-
preme Court of Texas shall prepare and propose

rules and regulations for disciplining, suspend-
ing, and disbarring attorneys at law; for the
conduct of the State Bar; and prescribing a code
of ethics governing the professional conduct of
attorneys at law. * * *

"The Supreme Court is further empowered and
it shall be its duty to prescribe fees not ex-
ceeding Four ($4.00) Dollars per annum per person
to be paid to the Clerk of the Supreme Court to
be held by him and expended by the Court or under
its direction for the purpose of the administra-
tion of this Act. Any person licensed and regis-
tered may pay to the designated treasurer a sum
of money from which the fees owed by such person
may be taken from time to time as they become due."

Section 5 declares:

"The Supreme Court of Texas shall not adopt
or promulgate any rule or regulation abrogating
the right of trial by jury in disbarment proceed-
ings, in the county of the residence of the de-
fendant."

Section 6 is:

"No disbarment proceedings shall be insti-
tuted against any attorney except in the Dis-
trict Court located in the county of said attor-
ney's residence, nor shall any attorney be sus-
pended until such attorney has been convicted
of the charge pending against him, in a court
of competent jurisdiction in the county of such
attorney's residence."

Article IV of the Rules governing the State Bar
of Texas, duly promulgated by the Supreme Court, provides
as follows:

"Section 4. MEMBERSHIP FEE. The annual
membership fee prescribed by the Supreme Court
shall be due and payable by each member to the
Clerk of the Supreme Court June 1 of each fis-
cal year. However, any person becoming a mem-
ber before the first day of December shall pay
on admission the full membership fee for that
fiscal year, but if such person becomes a mem-
ber after December 1, he shall pay on admission
one-half of the annual membership fee. It shall
be the duty of the Clerk to issue to each member
so paying such fee a membership card. It shall
be the duty of the Clerk to keep all books, and
other records proper and necessary to carry out
the provisions of this section.

"Section 5. SUSPENSION FOR NON-PAYMENT OF
FEE". A member in default of payment of the
fee for sixty days after it is due, shall be
regarded as delinquent and shall be given writ-
ten notice thereof by the Clerk of the Supreme
Court. If the delinquent member fails to pay

such fee within thirty days thereafter, he shall cease to be a member, but shall be reinstated upon payment of the fees due at the time he ceased to be a member, together with fees for the current year. If at the end of ninety days after June 1, a member has not paid to the Clerk membership dues for the current year, the Clerk shall strike from the rolls of the State Bar the name of the delinquent member.

"Section 6. REINSTATEMENT OF MEMBERS. A member removing from the state, may file notice thereof in writing with the Secretary. If he returns to Texas he may be reinstated as a member upon complying with the law of this State and the rules of the State Bar in force at the time of his return upon payment of membership fees due for the year in which he shall return."

While our courts have not had occasion to pass upon the validity of our State Bar Act, many states of the Union have, in comparatively recent years, passed similar acts the validity and constitutionality of which have been uniformly sustained by the courts of last resort in the various jurisdictions. In re: Gibson, 4 Pac. (2d) 643, and authorities therein cited.

Your inquiry involves only the question of the effect of the failure of a member of the State Bar to pay his annual dues in accordance with the provisions of the statute and the rules of the Supreme Court in pursuance thereof. It will be observed that the Act itself authorizes an annual fee of not to exceed $4.00 to be assessed by the Supreme Court against each member of the State Bar for the purpose of administering the Act. Section 4 of the Act makes it the duty of the Supreme Court to make all rules for the conduct of the State Bar when such rules have been approved by its members. In pursuance of the authority thus conferred, the Supreme Court has formulated rules governing the State Bar.

Sections 4 and 5, Article 4, above set out, deals with the annual membership fee. This fee is due on June 1 of each fiscal year. If the fee is not paid within sixty (60) days of this date, such member is regarded as delinquent and the Clerk of the Supreme Court is directed to give such member written notice thereof. If the delinquent member fails to pay such fee within thirty days thereafter "he shall cease to be a member (State Bar) but shall be reinstated upon payment of the fee due at the time he ceased to be a member, together with the fee for the current year". And the rule further provides that the Clerk shall strike the names of all delinquent members from the roll of membership ninety (90) days after June 1 unless such dues are paid.

It is the opinion of this department that these rules, as drawn, are susceptible of but one construction, and that is that they create an automatic suspension of membership in the State Bar when the dues of the member are not paid in accordance with the rules, as well as an automatic reinstatement of membership in the State Bar by the payment of delinquent dues. Therefore, it is left entirely with the

individual member as to whether he shall pay his dues and remain a member or refuse to pay and be suspended. It will be noted that the Supreme Court has gone no further than to suspend the delinquent member from membership in the State Bar.

The right to practice law by a suspended member is denied not by the Supreme Court, but by the Legislature in Section 3 of the Act, "and all persons not members of the State Bar are hereby prohibited from practicing law in this State."

Sections 5 and 6 of the State Bar Act have no application to the payment of dues. The suspension provided for in these sections applies only in proceedings for the disbarment of an attorney.

We do not think there can be any doubt of the authority of the Supreme Court to enact a rule automatically suspending a member for failure to pay his dues. Regardless of the statutory authority conferred upon the Supreme Court to make all rules for the conduct of the State Bar, we think the court possesses inherent power to suspend an attorney of the State Bar in the absence of a statute to the contrary since all attorneys are officers of that court. This power is discussed in In re Pate, 107 S.W. (2d) 159, A missouri case from which we quote:

> "The Supreme Court of the state of Missouri has the inherent power to disbar attorneys guilty of the violation of its rules or of conduct unbecoming a lawyer. In the absence of constitutional or statutory restrictions a court of superior or general jurisdiction has authority to suspend an attorney from the practice as such or to strike from the rolls an attorney of such court upon proper grounds because attorneys are officers of the court in which they are admitted to practice. The power to strike from the rolls is inherent in the court itself. No statute or rule is necessary to authorize the punishment in proper cases. Statutes and rules may regulate the power, but they do not create it. It is necessary for the protection of the court, the proper administration of justice, the dignity and purity of the profession and for t he public good and for the protection of clients, that courts have and retian this power."

All the cases hold that the Legislature has the power to assess a fee against the members of a State Bar to take care of the expense of enforcing the act. In re: Gibson, 4 Pac. (2d) 643, and authorities therein cited. In our state the power to assess the fee is conferred upon the Supreme Court by the Legislature and, therefore, we think the holding of the court in the Gibson case that the power to assess the fee carries with it the incidental power to enact a reasonable penalty for its non-payment is applicable. We quote from the Gibson case as follows:

> "It is urged that the penalty for nonpayment is so arbitrary, unreasonable, and out of proportion to the delinquency as to deter a law-

yer cited from entering into litigation for the protection of his rights, by reason of the consequences to the interests of clients which may be jeopardized in such litigation, and that the enforcement of the penalty provision denies to respondents the equal protection of the laws and is a deprivation of property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States and of section 18 of article 2 of the Constitution of the State of New Mexico. But if the power to impose the fee be conceded, of which we think there can be no doubt, then a penalty designed solely to enforce its payment, and which may be avoided altogether by payment, should not be held void as arbitrary or unreasonable."

In a very recent case in Missouri, In re: Sizer, 134 S. . (2d) 1085, a rule of the Supreme Court automatically suspending an attorney for failure to pay his dues was sustained:

"It further appears from the record that the accident in which the Hagewood boy was killed occurred in December, 1935, during the time of the suspension of respondent Myres in Oklahoma, and during the time when he was not authorized to practice law in Missouri, because his own testimony is to the effect that he did not pay his bar dues for the year 1935. The Supreme Court Rule 37, Section I, requires that every attorney licensed to practice law in Missouri shall pay an annual fee of $3.00 on or before January 20, and upon a failure to make such payment the attorney is automatically suspended. By reason for his failure to pay his bar dues in Missouri, respondent Myres stood suspended from the practice in Missouri at the time of the Hagewood episode."

The Legislature having conferred on the Supreme Court the power to make the rules governing the State Bar, such rules when promulgated have the force and effect of statutes. Childers vs. Robinson, 161 S. . 78. We must presume that the Supreme Court in discharging such duty necessarily considered the constitutionality of such rules. Pridmore vs. San Angelo Standard, 146 S.W. (2d) 1048.

You are respectfully advised that it is our opinion that an attorney who has not paid his dues in accordance with the State Bar Act and the rules of the Supreme Court is automatically suspended until such dues are paid, and is not entitled to practice law in this State until suspension is lifted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Grover Sellers

Grover Sellers

First Assistant

G :FO:jrb

APPROVED A.R. 2, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

This Opinion Considered and Approved in Limited Conference.